# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMY R. GURVEY, | CASE NO. 09-CV-942 - IEG (BGS) |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S ATTORNEYS' MOTION TO WITHDRAW AS COUNSEL |
| vs. | |
| LEGEND FILMS, INC., et al., | [Doc. No. 43] |
| Defendants. | |

The law firms of Squitieri & Fearon, LLP and Wexler Wallace LLP, and Lee Squitieri, Garry Stevens, and Mark Tamblyn (collectively, "Plaintiff's Attorneys") have filed a motion to withdraw as attorneys of record for Plaintiff, Amy Gurvey. [Doc. No. 43]. They move to withdraw as counsel for Plaintiff due to being discharged by Plaintiff from this action. Plaintiff has filed an opposition to the motion to withdraw. [Doc. No. 53]. Having considered the respective arguments, and for the reasons set forth below, the Court **GRANTS** the motion to withdraw and **GIVES** Plaintiff **30 days** from the filing of this Order to obtain new counsel or be prepared to proceed *pro se*.

## BACKGROUND

### I.    Procedural history

This is a breach of contract case. Plaintiff filed her complaint on October 29, 2008 in the United States District Court for the Southern District of New York. On May 1, 2009, the case was transferred to this Court. After the Court granted in part and denied in part Defendants' motion to dismiss, Defendants filed an answer to the complaint on January 19, 2010.

**II.     Present motion**

Plaintiff's Attorneys now request the Court's permission to withdraw as counsel for Plaintiff. According to Plaintiff's Attorneys, good cause for withdrawal exists because Plaintiff has discharged them in all matters pending before this Court. (Squitieri Decl. ¶ 2.) Plaintiff's Attorneys also point out that the Court has not issued a Scheduling Order yet and there are currently no immediately scheduled hearings in this matter. (Pl. Motion to Withdraw as Attorneys of Record, at 4.) Accordingly, Plaintiff's Attorneys argue there is no resulting prejudice from their withdrawal.

**DISCUSSION**

"An attorney may not withdraw as counsel except by leave of court, and the decision to grant or deny counsel's motion to withdraw is committed to the discretion of the trial court." Beard v. Shuttermart of Cal., Inc., No. 07-CV-594-WQH (NLS), 2008 WL 410694, at *2 (S.D. Cal. Feb. 13, 2008) (internal quotation marks and citations omitted); see also CIV. L.R. 83.3(g)(3). In ruling on a motion to withdraw as counsel, courts consider: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case. Beard, 2008 WL 410694, at *2 (citations omitted).

In the present case, good cause for withdrawal exists. According to Plaintiff's Attorneys, Plaintiff has assented to their withdrawal as counsel.[1] (Squitieri Decl. ¶ 2.) Rule 3-700(C)(5) of the California Rules of Professional Conduct expressly allows withdrawal where the client "knowingly and freely assents to termination of the employment."

There is also no indication that the Plaintiff's Attorneys' withdrawal would cause any prejudice to other litigants or that it would harm or delay the administration of justice. Rather, this case is still in its infancy and there are no immediately scheduled hearings. Moreover, there is no prejudice to Plaintiff because she has been on notice of the Plaintiff's Attorneys' intent to withdraw at the very least since October 22, 2009, when they filed an Ex Parte Application for Continuance of Hearing on Motion to Dismiss on her behalf, asking the Court to continue the hearing on Defendants' motion to dismiss due to Plaintiff's intent to seek new representation in this action. [See Doc. Nos.

---

[1] Plaintiff does not dispute this anywhere in her opposition. [See generally Doc. No. 53].

1  32, 33].

2  Finally, Plaintiff's arguments in opposition are not persuasive, if at all relevant. First, Plaintiff
3  asserts she cannot obtain new counsel until Mr. Squitieri, her lead counsel, and Mr. Tamblyn, her local
4  counsel, "formally stipulate that no fees are due them for services in this case and this stipulation is
5  signed by the Court." (Pl. Opp., at 2.) However, Plaintiff offers no legal support for why such a
6  stipulation is a prerequisite to Plaintiff's Attorneys' withdrawal from this case. Second, Plaintiff
7  argues Mr. Squitieri is still Plaintiff's attorney of record in the related lawsuit in the Southern District
8  of New York, (id.), but once again fails to explain *how* that is relevant to the motion currently before
9  the Court. Third, Plaintiff alleges the Plaintiff's Attorneys have already significantly prejudiced her
10 lawsuit and their withdrawal before Plaintiff has retained new counsel will continue to prejudice her
11 interests. (Id. at 3.) However, as already noted, Plaintiff has been on notice of the Plaintiff's
12 Attorneys' intent to withdraw at the very least since October 22, 2009, when they filed an Ex Parte
13 Application for Continuance of Hearing on Motion to Dismiss on her behalf. Accordingly, there is no
14 prejudice because Plaintiff had sufficient time to obtain new counsel. All of the other issues raised in
15 Plaintiff's Opposition are either not relevant to the present motion[2] or have already been rendered
16 moot.[3]

## CONCLUSION

18 For the foregoing reasons, the Court **GRANTS** the Plaintiff's Attorneys' motion to withdraw
19 as counsel for Plaintiff and **GIVES** Plaintiff **30 days** from the filing of this order to obtain new
20 counsel or be prepared to proceed *pro se*.

21 **IT IS SO ORDERED.**

22 **DATED:  July 12, 2010**

23 **IRMA E. GONZALEZ, Chief Judge**
   **United States District Court**

---

[2] In her opposition, Plaintiff alleges the Plaintiff's Attorneys poorly represented her in a different action in the Southern District of New York. However, this issue is not pertinent to whether the Plaintiff's Attorneys are allowed to withdraw as her attorneys of record in *this* case.

[3] For example, Plaintiff asserts in her opposition that she was never served with Plaintiff's Attorneys' motion to withdraw. (Pl. Opp., at 1, 4.) However, the Court has already taken this into account when it *sua sponte* reset the hearing date on Plaintiff's Attorneys' motion to withdraw, giving Plaintiff an additional three weeks to respond to the motion. [See Doc. No. 50].