# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMY R. GURVEY, <br><br> Plaintiff, <br> vs. <br><br> LEGEND FILMS, INC., formerly known as Legend Films, LLC; *et al.*, <br><br> Defendants. | CASE NO. 09-CV-942-AJB (BGS) <br><br> **ORDER DENYING PLAINTIFF'S EX PARTE MOTION FOR EXPEDITED HEARING AND TO DISQUALIFY MAGISTRATE JUDGE** |

On July 13, 2011, *nunc pro tunc* to July 7, 2011, Plaintiff Amy Gurvey filed an ex parte motion for an expedited hearing prior to July 13, 2011 on extension of discovery and settlement and for the disqualification of the undersigned, United States Magistrate Judge Bernard G. Skomal, "for misconduct and bias." (Doc. No. 107.) On July 14, 2011, Defendants filed a response in opposition to Plaintiff's motion. (Doc. No. 108.)

**Background**

Plaintiff's current ex parte motion stems from recent events in this case concerning settlement conferences and Plaintiff's pro se status. On June 2, 2011, Andre Jardini filed an ex parte motion to withdraw as Plaintiff's attorney. (Doc. No. 82.) On June 13, 2011, the Court held a Mandatory Settlement Conference ("MSC") that required the personal appearances of all parties. Plaintiff Amy Gurvey failed to personally appear. (*See* Doc. No.

87.) Following the MSC, the Court ordered Plaintiff to show cause why sanctions should not be issued against her for this failure to appear and scheduled a further settlement conference for July 7, 2011 that required the personal appearance of all parties. (Doc. Nos. 87 & 89.) On June 20, 2011, Plaintiff filed a request for approval of substitution of attorney, seeking to substitute into the case to represent herself. (Doc. No. 93.) The Court granted Plaintiff's request. (Doc. No. 94.)

On June 23, 2011, *nunc pro tunc* to June 21, 2011, Plaintiff filed her declaration in response to the Court's OSC. (Doc. No. 96.) After receiving Plaintiff's declaration in response to the OSC, the Court declined to impose sanctions, finding that her failure to attend the MSC was not sanctionable under the circumstances. (Doc. No. 98.) Additionally, on June 24, 2011, the Court vacated the further settlement conference set for July 7, 2011 in light of her declaration and her recent substitution into the case to represent herself. (Doc. No. 97.) This order was served on Plaintiff via U.S. Mail on June 27, 2011. (*Id.*) On July 7, 2011, Plaintiff personally appeared at Judge Skomal's chambers for the vacated settlement conference.

Plaintiff asserts in her ex parte motion to disqualify and accompanying declaration, which is not signed under penalty of perjury, that Judge Skomal's chambers did not call or fax Plaintiff to advise that Judge Skomal vacated the settlement conference, and that on July 1 Plaintiff "asked Magistrate's secretary if she was still required to appear on the 7th and the secretary said yes until notified to the contrary." (Doc. No. 107 at 3-4, ¶¶ 7 & 9.) Plaintiff alleges that upon showing up for the vacated settlement conference, staff members were "anything but cordial" and that when the door closed after Plaintiff left chambers "she heard Magistrate and his secretary belly laughing." (*Id.* at 6, ¶25.) Plaintiff also makes several complaints regarding the filing of papers she submitted to the Court on her requests for electronic filing privileges and an extension of discovery. Plaintiff complains that her documents do not get docketed on the date received by the Court whereas Defendants' electronically filed documents do. (*Id.* at 5, ¶¶ 21-24.) Plaintiff asserts that "statements made by Magistrate's staff concerning faxing, receipt of papers, and docketing are untruthful" and

1  "[t]hey demonstrate that Magistrate cannot provide an unbiased tribunal to Plaintiff, requiring
2  Magistrate's disqualification." (*Id.* at 6, ¶26.)

3      Defendants oppose any disqualification of Judge Skomal. (Doc. No. 108.) Defendants
4  take issue with Plaintiff's declaration, in which she claims that defense counsel contacted her
5  "the day prior" to the settlement conference and asked her whether she intended to attend,
6  thereby indicating that Defendants also believed the July 7 conference to be going forward.
7  (*See* Doc. No. 107 at 4, ¶10.) Defendants state that this is false and misleading, as it was
8  Plaintiff who contacted defense counsel on June 23, 2011, which was one day before the Court
9  vacated the settlement conference, and that Defendants did not appear for the vacated
10 conference. (*Id.* at 2-3; Plevin Decl. ¶2.) Defendants note that the Court vacated the July 7
11 settlement conference based on Plaintiff's declaration regarding her disability and vacated the
12 conference less than 24 hours after Plaintiff's declaration was docketed. (*Id.* at 2.) Defendants
13 also assert that notifying Plaintiff by telephone that the settlement conference was vacated
14 would be extending Plaintiff special treatment because the Court cannot practically telephone
15 every party whenever it issues a ruling. (*Id.* at 3.) As for Plaintiff's complaint that the Court
16 also failed to fax her notice of the order vacating the settlement conference, Defendants aver
17 that Plaintiff specifically informed defense counsel that faxing documents to her was
18 unacceptable. (*Id.* at 3; Plevin Decl. ¶3, Ex. 1.) The Court notes that on previous filings by
19 Plaintiff, she lists her fax number followed by a parenthetical explanation that the fax number
20 is "not authorized for service of Court papers." (*See* Doc. Nos. 100, 103.) Defendants argue
21 that Judge Skomal has invested significant time and judicial resources into this case and
22 Plaintiff has failed to provide any sustainable argument for disqualifying Judge Skomal.

### Discussion

### I. Motion for Disqualification

25     The Court interprets Plaintiff's current ex parte motion as a motion for disqualification

under 28 U.S.C. §455.[1] "Section 455 imposes an affirmative duty upon judges to recuse themselves." *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir.1983). It provides in relevant part:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:
>
>> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding[.]

28 U.S.C. § 455(a) and (b).

Section 455(a) requires disqualification for the appearance of partiality. Section 455(b)(1), in contrast, requires disqualification if a judge has a personal bias or prejudice for or against a party. *See Hasbrouck v. Texaco, Inc.*, 842 F.2d 1034, 1045–46 (9th Cir.1987). As such, section 455(b)(1) "simply provides a specific example of a situation in which a judge's 'impartiality might reasonably be questioned' pursuant to section 455(a)." *United States v. Sibla*, 624 F.2d 864, 867 (9th Cir. 1980) (citing *United States v. Olander*, 584 F.2d 876, 882 (9th Cir. 1978)).

What matters under section 455(a) "is not the reality of bias or prejudice but its appearance[,]" and the test for disqualification under section 455(a) is an objective one. *Liteky v. United States*, 510 U.S. 540, 548 (1994). Disqualification is warranted if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Holland*, 519 F.3d 909, 913 (9th Cir. 2008) (quotation omitted). Under this objective standard, the "reasonable person" is not "hypersensitive or unduly suspicious," and "is not a 'partly informed man-in-the-street[.]'" *Id.*, 519 F.3d at 913–14. Rather, the reasonable person is a "well-informed, thoughtful observer[,]" and is "someone who 'understand[s] all the relevant facts' and has examined the record and

---

[1] Judge Skomal decides this motion because a motion for disqualification under 28 U.S.C. §455 "is addressed to, and must be decided by, the very judge whose impartiality is being questioned." *In re Bernard*, 31 F.3d 842, 843 (9th Cir.1994)

the law." *Id.* (quotation omitted).

The Supreme Court has concluded that the "extrajudicial source" doctrine applies to the analysis under section 455(a). *Liteky*, 510 U.S. at 554. The doctrine requires that the basis for disqualification generally must be "something other than rulings, opinions formed or statements made by the judge during the course of trial." *Holland*, 519 F.3d at 913–14. Stated differently, a judge's alleged bias, prejudice, or partiality must be based on knowledge derived from a source outside of any judicial proceedings—some factor other than what the judge learned from his participation in the case. *Liteky*, 510 U.S. at 554; *United States v. Briggs*, 2007 WL 1364682, *2 (D.Idaho 2007) (citing *United States v. Azhocar*, 581 F.2d 735, 739 (9th Cir. 1978)). Ultimately, the analysis under section 455(a) requires a fact-driven, case-by-case consideration of the circumstances of each case. *Holland*, 519 F.3d at 913.

As a consequence of the "extrajudicial source" doctrine, generally "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555. "[O]nly in the rarest circumstances" will judicial rulings "evidence the degree of favoritism or antagonism required [ ... ] when no extrajudicial source is involved." *Id.* Judicial rulings generally only provide a basis for an appeal, not a basis for disqualification. *Id.*

The Court in *Liteky* also made clear that "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky*, 510 U.S. at 555. Absent any extrajudicial source, a judge's "favorable or unfavorable predisposition" will be characterized as bias or prejudice only "if it is so extreme as to display clear inability to render fair judgment." *Id.*, 510 U.S. at 551.

In considering disqualification motions, "judges are not to recuse themselves lightly[,]" and should participate in cases assigned if there is no legitimate reason for disqualification. *United States v. Sierra Pacific Industries*, 2010 WL 4777842, *6 (E.D.Cal. 2010) (quoting *United States v. Snyder*, 235 F.3d 42, 45 (1st Cir. 2000)); *Holland*, 519 F.3d at 912. In other words, judges "must not simply recuse out of an abundance of caution when the facts do not

warrant recusal. Rather, there is an equally compelling obligation not to recuse where recusal is not appropriate ." *Sierra Pacific Industries*, 2010 WL 4777842 at *2 (citing *Holland*, 519 F.3d at 912).

The Court finds that a reasonable person with knowledge of all the facts would not conclude that Judge Skomal's impartiality might be reasonably questioned in this case. Plaintiff's complaints focus mainly on the Court's failure to notify her by telephone or fax that the July 7 settlement conference was vacated causing her difficult travel from New Jersey. This complaint is based on a judicial ruling and the Court's procedures for sending notice to pro se litigants who are not registered for the CM/ECF system. Pursuant to Civ.L.R. 77.3, "the Clerk must give notice in paper form to a person who has not consented to electronic services in accordance with the Federal Rules of Civil Procedure." Under Fed.R.Civ.P. 77(b), immediately after entering an order, "the clerk must serve notice of the entry, as provided in Rule 5(b), on each party who is not in default for failing to appear." Under Fed.R.Civ.P. 5(b), service is complete upon mailing it to the person's last known address. Fed.R.Civ.P. 5(b)(2)(C). Accordingly, the Court properly served Plaintiff with its order vacating the settlement conference, as Plaintiff was served via U.S. Mail at her last known address on June 27, 2011 upon entry of the order. (Doc. No. 98.) This service was such that Plaintiff should have received it well in advance of her travel to San Diego. (*See* Doc. No. 105.) Plaintiff has cited no authority for the proposition that Judge Skomal's staff is required to personally contact Plaintiff by telephone or facsimile to notify her of an order.

The Court also finds that Plaintiff's complaints regarding the docketing of her papers would not cause a reasonable person with knowledge of all the facts to question Judge Skomal's impartiality. Several of Plaintiff's submissions were not docketed on the same day they were received in the Clerk's office because of discrepancies in the submissions. When a party without electronic filing privileges submits a document for filing, it is screened by the Clerk's office for discrepancies in the form or content of the document. (*See* Doc. Nos. 95, 102, & 106.) The discrepancies are noted on a form and physically forwarded along with the proposed submission to the judge assigned to handle the matter. The judge then decides

whether to accept the document despite the noted discrepancies. Once accepted, the form and submission are sent back to the Clerk's office for scanning, filing, and entry onto the docket. If accepted, a document is filed *nunc pro tunc* to the date originally received in the Clerk's office. Because of this procedure, it can take several days for a submission to be forwarded to the assigned judge, sent back to the Clerk's office, and to appear on the docket. All of the documents Plaintiff complains about were accepted by the Court despite noted discrepancies and received a *nunc pro tunc* date that corresponds with the original submission to the Clerk's office. This is standard procedure in the Southern District of California and does not create an appearance of partiality on behalf of Judge Skomal.

      As for Plaintiff's complaints concerning Judge Skomal and his staff's treatment of Plaintiff in telephone conversations and in person, the Court strongly disagrees with Plaintiff's characterizations. Plaintiff has repeatedly called Judge Skomal's chambers, even before she was representing herself. On these telephone calls, Plaintiff sought legal advice, argued the merits of her case or pending motions, and attempted to communicate with the judge on matters without opposing counsel present in violation of Civ.L.R. 83.9 and Judge Skomal's Chambers' Rules. Judge Skomal's staff has repeatedly and professionally informed Plaintiff that it cannot discuss the merits of her case or provide her with legal advice. The Court also disagrees with Plaintiff's assertion that Judge Skomal's research attorney confirmed on July 1 that she was required to personally appear on July 7. Plaintiff contacted Judge Skomal's chambers on July 1 to complain that her motion for electronic filing privileges was not yet docketed and did not ask about the status of the settlement conference. Judge Skomal, in recognition of Plaintiff's alleged inability to travel to San Diego, vacated the July 7 settlement conference and declined to impose sanctions for Plaintiff's failure to appear at the June 13 MSC. Additionally, after Plaintiff unexpectedly appeared in chambers on July 7, Judge Skomal offered to attempt to reschedule the settlement conference for July 8 and coordinate with Defendants, but Plaintiff never contacted Judge Skomal's chambers to confirm that she would like to do so. A reasonable person with knowledge of all the facts concerning Plaintiff's communications with Judge Skomal's chambers and the history of this case would not question

1  Judge Skomal's impartiality.

2      There is no extrajudicial source giving rise to Plaintiff's complaints concerning Judge Skomal, as all of her concerns arise from events occurring in the course of the current proceedings. Any unfavorable conduct alleged by Plaintiff would not cause a reasonable person with knowledge of all the facts to conclude that the judge's impartiality might reasonably be questioned. Plaintiff has not cited any bias, prejudice, or deep-seated favoritism by Judge Skomal so extreme as to display a clear inability to render fair judgment. Therefore, the Court finds that there is no legitimate reason for the disqualification of Judge Skomal and denies Plaintiff's ex parte motion for disqualification.

## II. Motion for Expedited Hearing

    Plaintiff also requests an expedited hearing on an extension of discovery and settlement. (Doc. No. 107.) The Court denies Plaintiff's request. Plaintiff filed an ex parte motion to extend discovery on July 11, 2011, *nunc pro tunc* to June 29, 2011, which is currently pending before the Court. (Doc. No. 103.) At this time, the Court, pursuant to its discretion under Civ.L.R. 7.1(d)(1), finds Plaintiff's request for an extension of discovery suitable for resolution without a hearing, but reserves the right to hold a hearing if deemed necessary in the future. Additionally, the Court vacated a further settlement conference set for July 7, 2011, and given the status of the case, does not find it appropriate to hold a settlement conference at this time.

## Conclusion

    Based on the reasons set forth above, the Court denies Plaintiff's ex parte motion for expedited hearing and for disqualification of United States Magistrate Judge Bernard G. Skomal.

**IT IS SO ORDERED**.

DATED: July 15, 2011

_____
**BERNARD G. SKOMAL**
United States Magistrate Judge