# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| AMY R. GURVEY, | CASE NO. 09-CV-942-AJB (BGS) |
|---|---|
| Plaintiff, | **ORDER:** |
| | **(1) GRANTING DEFENDANTS' EX PARTE MOTION TO EXTEND EXPERT DESIGNATION (DOC. NO. 99);** |
| vs. | |
| | **(2) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S EX PARTE MOTION TO EXTEND DISCOVERY (DOC. NO. 103); &** |
| LEGEND FILMS, INC., formerly known as Legend Films, LLC; *et al.*, | |
| Defendants. | **(3) DENYING AS MOOT PLAINTIFF'S EX PARTE MOTION TO EXTEND DISCOVERY DEADLINES (DOC. NO. 112)** |

Presently before the Court are various motions filed by Plaintiff Amy Gurvey and Defendants regarding discovery scheduling and disputes. On July 6, 2011, Defendants Legend Films, Inc., Legend3D, Inc., Barry Sandrew, and Jeffrey Yapp filed an ex parte motion to extend the deadline for expert designation. (Doc. No. 99.) On July 11, 2011, *nunc pro tunc* to June 29, 2011, Plaintiff filed an ex parte request to extend discovery, mandate production from Defendants "of all documents that exchanged hands during defendants' angel and private placement venture capital rounds since 2002," for an order granting Plaintiff's right to appear

telephonically at the next court hearing of July 7, 2011, and for an order granting Plaintiff expedited electronic filing privileges for this lawsuit. (Doc. No. 103.) In Plaintiff's ex parte motion, Plaintiff also opposes Defendants' ex parte motion to extend the deadline for expert designations. (*Id.* at 6.) On July 8, 2011, Defendants filed an opposition to Plaintiff's ex parte motion. (Doc. No. 101.)  On July 19, 2011, *nunc pro tunc* to July 13, 2011, Plaintiff filed another ex parte motion to extend discovery deadlines, opposition to Defendants' ex parte motion to extend expert deadlines, and request for expedited rehearing of discovery during the week of July 11. (Doc. No. 112.) Defendants filed an opposition to Plaintiff's most recent ex parte motion on July 19, 2011. (Doc. No. 113.)

**I. Defendants' ex parte motion to extend the deadline for expert designations**

In their ex parte motion, Defendants request the Court extend the deadline to designate expert witnesses from June 3 to July 1, 2011. (Doc. No. 99.) Defendants do not seek to extend the deadline to exchange expert reports. Expert designations were to be made no later than June 3, 2011, and Defendants did not move for an extension of this deadline until July 6, 2011. Therefore, because Defendants moved for an extension after the time has expired for expert designations, Defendants must demonstrate good cause for an extension of the deadline as well as excusable neglect for failing to make their designations by the deadline. Fed.R.Civ.P. 6(b). Additionally, because expert designations are disclosures required by Rule 26(a), to excuse a failure to disclose, the failure must be substantially justified or harmless. Fed.R.Civ.P. 37(c).

In support of their request, Defendants assert that they had an agreement with Plaintiff's former counsel, Andre Jardini, to extend expert designations to July 1 due to an expert changing his fee quote shortly before designations were due, requiring Defendants to locate a different expert. (*Id.*; Doc. No. 99-3, Clifford Decl. ¶2.) On June 2, 2011, Andre Jardini filed an ex parte motion to withdraw as Plaintiff's attorney. (Doc. No. 82.) Based upon this motion to withdraw from the case, Mr. Jardini was not comfortable signing a joint motion memorializing the parties' agreement regarding expert designations. (Doc. No. 99-2, Plevin Decl. ¶5.) On June 20, 2011, Plaintiff filed a request for approval of substitution of attorney, seeking to substitute into the case to represent herself. (Doc. No. 93.) The Court granted

Plaintiff's request. (Doc. No. 94.) Plaintiff now opposes Defendants' ex parte to extend the date for designations.

In her opposition, Plaintiff argues that Defendants' ex parte motion is improper and that further expert discovery in favor of Defendants is now irrelevant in the face of controlling NY law on the issue of "highest valuation." (Doc. No. 103 at 6.) Plaintiff also asserts that she received notice of the ex parte motion by fax and she does not authorize service by fax. (*Id.* at 6-7.) Contrary to Plaintiff's assertion, Defendants' ex parte motion was not improper. Pursuant to Judge Skomal's Chambers' Rules, "[a] party seeking a modification [of the scheduling order] may move ex parte if the other parties will not join in a motion to amend the schedule." The Court also finds Plaintiff's argument regarding the relevancy of further expert discovery by Defendants is not proper at this stage in the proceedings, given that Defendants merely seek to designate an expert they may use at trial to present evidence. Additionally, Defendants have provided a proof of service of their ex parte motion on Plaintiff by mail. (Doc. No. 99-4.)

The Court finds that Defendants' failure to designate experts by June 3 was substantially justified under the circumstances and harmless. *See* Fed.R.Civ.P. 37(c). Defendants, only days before designations were due, learned of a fee change by a potential expert and sought to locate a new expert. Defendants appraised opposing counsel of the situation and sought a stipulation for a one month extension. Mr. Jardini agreed to the extension and then filed his motion to withdraw from representation before counsel could file a joint motion memorializing the agreement. There was also a lapse of time between the motion to withdraw and Plaintiff's substitution into the case to represent herself. Plaintiff has not articulated how she would be prejudiced by the Court allowing Defendants an extension to designate their expert. It appears Plaintiff will not be harmed, as Defendants will provide an expert report by the current deadline. Given these circumstances, the Court finds Defendants have shown good cause for an extension and excusable neglect for failing to move for an extension before the time to designate expired. *See* Fed.R.Civ.P. 6(b). Accordingly, the Court grants Defendants' ex parte motion and extends the deadline by which all parties shall

1  exchange with all other parties a list of all expert witnesses expected to be called at trial
2  pursuant to Fed.R.Civ.P. 26(a)(2)(A) to **July 1, 2011**.

3  **II. Plaintiff's ex parte motion filed July 11, 2011**

4  Plaintiff requests in her ex parte motion that the Court extend discovery, mandate
5  production from Defendants "of all documents that exchanged hands during defendants' angel
6  and private placement venture capital rounds since 2002," issue an order granting Plaintiff's
7  right to appear telephonically at the next court hearing of July 7, 2011, and issue an order
8  granting Plaintiff expedited electronic filing privileges for this lawsuit.

9  **A. Plaintiff's request to appear telephonically and electronic filing privileges**

10 As an initial matter, the Court denies as moot Plaintiff's request to appear telephonically
11 at the next court hearing of July 7, 2011. On June 24, 2011, the Court vacated the Further
12 Settlement Conference set for July 7, 2011. (Doc. No. 97.) Additionally, the Court denies as
13 moot Plaintiff's request for electronic filing privileges, as that request was addressed by Judge
14 Battaglia on July 15, 2011in an Order regarding a separate motion filed by Plaintiff on July 6,
15 2011. (*See* Doc. Nos. 100 & 110.) Judge Battaglia ordered Plaintiff to submit a new
16 declaration, under penalty of perjury, addressing each of the six inquiries the Court must
17 consider before granting a pro se litigant access to the ECF system. (Doc. No. 110.) To date,
18 Plaintiff has not submitted such a declaration.

19 **B. Plaintiff's request to extend discovery and for production of documents**

20 Plaintiff requests the Court extend discovery in order to reschedule Defendants'
21 depositions after the due diligence documents are produced and reviewed by Plaintiff. (Doc.
22 No. 103 at 3-4.) Fact discovery in this case ended on May 20, 2011 and Plaintiff did not move
23 to extend discovery until June 29, 2011. (Doc. No. 69 ¶2; Doc. No. 103.) Therefore, because
24 Plaintiff moved for an extension after the time has expired for completing discovery, Plaintiff
25 must demonstrate good cause for an extension of discovery as well as excusable neglect for
26 failing to complete the discovery by the cutoff. Fed.R.Civ.P. 6(b).

27 In support of her request to extend fact discovery, Plaintiff asserts that depositions
28 noticed by her former attorney, Mr. Jardini, were cancelled at Defendants' request and it was

1  understood by Mr. Jardini that counsel had an arrangement to extend fact discovery in order
2  to reschedule these depositions. (Doc. No. 103 at ¶3.) Plaintiff has attached to her motion a
3  declaration from Mr. Jardini. (Doc. No. 103, Ex. 1, Jardini Decl.) Mr. Jardini states that the
4  depositions of Defendant Jeffrey Yapp and Barry Sandrew were originally noticed for April
5  22, 2011. (*Id.* ¶4.) Mr. Jardini also noticed the deposition of Defendant Legend 3D, Inc. under
6  Fed.R.Civ.P. 30(b)(6) for May 11, 2011. (*Id.* ¶5.) Mr. Jardini declares that after serving these
7  notices, he spoke with defense counsel, Fred Plevin, who indicated that Jeffrey Yapp would
8  be unavailable on April 22. (*Id.* ¶6.) Mr. Plevin and Mr. Jardini agreed to reschedule both the
9  Yapp and Sandrew depositions to a new date and that Mr. Jardini would take the 30(b)(6)
10 depositions of Yapp and Sandrew on the same day. (*Id.* ¶6.) In an email confirming this
11 conversation, Mr. Plevin confirmed that the depositions of Yapp and Sandrew would leave
12 only a few areas noticed for the 30(b)(6) deposition of Legend for David Martin. (*Id.* ¶6, Ex.
13 3 to Jardini Decl..) Mr. Jardini avers that on April 17, 2011, Mr. Plevin sent an email
14 confirming that the depositions of the individual defendants would occur on June 1, 2011 and
15 that the Rule 30(b)(6) deposition would be deferred for later scheduling. (*Id.* ¶7, Ex. 4 to
16 Jardini Decl..) Mr. Jardini then later took the depositions set for June 1, 2011 off calendar due
17 to the impasse between Mr. Jardini and Ms. Gurvey as to the handling of this case. (*Id.* ¶¶8-9.)
18 Mr. Jardini avers that he took the depositions off calendar with the understanding they would
19 be reset consistent with the calendars of the witnesses, defense counsel, and Ms. Gurvery or
20 her new counsel. (*Id.* ¶9.) As for Plaintiff's request for certain documents, Mr. Jardini avers
21 that he "believe[s] all of the documents Ms. Gurvey believes necessary to her case are
22 requested in the Rule 30(b)(6) notice of deposition." (*Id.* ¶12, Ex. 2 to Jardini Decl..)

23 In Mr. Plevin's declaration attached to Defendants' opposition, he states that he and Mr.
24 Jardini had no agreement to reschedule depositions for a date other than June 1, 2011 and that
25 he was informed on May 27, 2011 that the depositions were off calendar. (Doc. No. 101-1,
26 Plevin Decl. ¶5.) Mr. Plevin also avers that he and Mr. Jardini never discussed extending
27 deadlines for written discovery. (*Id.* ¶6.) Mr. Plevin declares that there were only two sets
28 of requests for production served upon Defendants and that counsel for Plaintiff never

1  expressed any concern with Defendants' responses.  (*Id.* ¶2.)

2  The Court, for good cause and excusable neglect shown, grants Plaintiff's ex parte
3  motion to extend discovery.  Due to the circumstances of Mr. Jardini's request to withdraw as
4  counsel for Plaintiff in early June 2011 and the subsequent substitution of Ms. Gurvey into the
5  case to represent herself, the Court finds good cause to extend fact discovery for the limited
6  purpose of completing the discovery Mr. Jardini had propounded prior to his exit from the
7  case.  The Court finds that the breakdown in the relationship between Mr. Jardini and Ms.
8  Gurvey in May 2011, as well as Defendants' initial agreement to allow Plaintiff to take the
9  outstanding depositions past the discovery cutoff of May 20, 2011, provides excusable neglect
10 for Ms. Gurvey not moving to extend the time to complete fact discovery prior to the deadline.

11 Accordingly, the fact discovery Plaintiff's former counsel served but did not complete
12 shall be completed no later than **September 1, 2011**.  This limited discovery includes the
13 depositions of Defendants Jeffrey Yapp, Barry Sandrew, and Legend3D, Inc.'s Rule 30(b)(6)
14 designee(s).  In noticing Legend3D, Inc.'s Rule 30(b)(6) deposition, Plaintiff may include the
15 exact "request for production of documents at time of deposition" that Mr. Jardini served on
16 Defendants on April 8, 2011 in conjunction with the noticing of Legend3D, Inc.'s Rule
17 30(b)(6) designee(s).  (Doc. No. 103, Ex. 2 to Jardini Decl.)  Plaintiff may not serve any other
18 written discovery and the Court denies her request to compel production of documents.  As the
19 Rule 30(b)(6) deposition was taken off calendar and the documents sought were to be produced
20 at the deposition, Defendants have not failed to produce documents.   Additionally, the Court
21 will allow Defendants to complete the deposition of Plaintiff no later than **September 1, 2011**,
22 as they indicate in their opposition that counsel had discussed finishing Plaintiff's deposition
23 on June 13, 2011. (*See* Doc. No. 101-1, Plevin Decl. ¶4.)  In noticing the depositions, Plaintiff
24 and defense counsel shall meet and confer on scheduling and location of the depositions.  If
25 any discovery disputes arise during this limited period of additional fact discovery, the parties
26 are to follow Judge Skomal's Chambers' Rules.

27 **III. Plaintiff's ex parte motion filed July 19, 2011**

28 Plaintiff's most current ex parte motion seeks to extend discovery deadlines, compel

- 6 -                                                                                                09cv942-AJB

1  production of documents, compel defendants' depositions, and an order for an expedited
2  hearing the week of July 11 on discovery. The Court denies as moot Plaintiff's request to
3  extend discovery deadlines, compel production of documents, and compel defendants'
4  depositions, given the Court's rulings on Plaintiff's ex parte motion filed July 11, 2011. The
5  Court also denies as moot Plaintiff's request for an expedited hearing the week of July 11. The
6  Court previously denied the identical request.  (Doc. No. 109.)

### Conclusion

For the reasons set forth above, the Court:

1. **GRANTS** Defendants' ex parte motion to extend the time for expert designations to **July 1, 2011**;

2. **DENIES AS MOOT** Plaintiff's ex parte motion to appear telephonically at the July 7 hearing and for electronic filing privileges (Doc. No. 103);

3. **GRANTS** Plaintiff's ex parte motion to extend discovery (Doc. No. 103). Plaintiff may re-notice and complete the depositions of Defendants Jeffrey Yapp, Barry Sandrew, and Legend3D, Inc.'s Rule 30(b)(6) designee(s) no later than **September 1, 2011**. Defendants may take the continued deposition of Plaintiff no later than **September 1, 2011**;

3. **DENIES** Plaintiff's ex parte motion to compel production of documents (Doc. No. 103).  However, in noticing Legend3D, Inc.'s Rule 30(b)(6) deposition, Plaintiff may include the exact "request for production of documents at time of deposition" that Mr. Jardini served on Defendants on April 8, 2011 in conjunction with the noticing of Legend3D, Inc.'s Rule 30(b)(6) designee(s).  (Doc. No. 103, Ex. 2 to Jardini Decl.)  Plaintiff may not serve any other written discovery; and

4. **DENIES AS MOOT** Plaintiff's ex parte motion to extend discovery, compel production of documents, compel depositions of defendants, and for an order for an expedited hearing the week of July 11 (Doc. No. 112).

**IT IS SO ORDERED**.

DATED: July 29, 2011

_____
**BERNARD G. SKOMAL**
United States Magistrate Judge