# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| AMY R. GURVEY, | CASE NO. 09-CV-942-AJB (BGS) |
|---|---|
| Plaintiff, | **ORDER DENYING PLAINTIFF'S EX PARTE MOTION FOR EXTENSION OF TIME TO COMPLETE DISCOVERY, TO DISQUALIFY JUDGE & FOR SIX WEEKS TO RETAIN NEW COUNSEL** |
| vs. | |
| LEGEND FILMS, INC., formerly known as Legend Films, LLC; *et al.*, | |
| Defendants. | |

Presently before the Court is an ex parte motion filed by Plaintiff Amy Gurvey on September 8, 2011, *nunc pro tunc* to September 1, 2011, that requests an extension of time to complete fact discovery, a court order compelling Defendants to produce due diligence documents, and six weeks to retain new counsel. (Doc. No. 116.) Plaintiff also seeks disqualification of the undersigned, United States Magistrate Judge Bernard G. Skomal. (*Id.*) On September 12, 2011, Defendants Legend Films, Inc., Legend3D, Inc., Barry Sandrew, and Jeffrey Yapp filed an opposition to Plaintiff's ex parte motion. (Doc. No. 117.)

**I. Plaintiff's request to extend discovery and for production of documents**

Plaintiff requests the Court extend discovery to October 15, 2011 in order to take Defendants' depositions after the due diligence documents are produced and reviewed by Plaintiff. (Doc. No. 116 at 3-4.) Plaintiff previously moved for an extension of fact discovery

1 and requested that discovery be extended to August 31, 2011 in order for Plaintiff to receive
2 the Defendants' documents and to complete depositions of Defendants. (Doc. No. 103 at 16-
3 17.) The Court granted Plaintiff's request in part and ordered that the fact discovery Plaintiff's
4 former counsel served but did not complete shall be completed no later than **September 1,**
5 **2011**. (Doc. No. 114 at 6, 7.) This limited discovery included the depositions of Defendants
6 Jeffrey Yapp, Barry Sandrew, and Legend3D, Inc.'s Rule 30(b)(6) designee(s). (*Id.*) The
7 Court instructed Plaintiff that in noticing the depositions, she and defense counsel shall meet
8 and confer on scheduling and location of the depositions. (*Id.* at 6.)

9 As for Plaintiff's request to compel documents, the Court ordered that "[i]n noticing
10 Legend3D, Inc.'s Rule 30(b)(6) deposition, Plaintiff may include the exact 'request for
11 production of documents at time of deposition' that Mr. Jardini served on Defendants on April
12 8, 2011 in conjunction with the noticing of Legend3D, Inc.'s Rule 30(b)(6) designee(s)." (*Id.*
13 citing Doc. No. 103, Ex. 2 to Jardini Decl.) The Court further ordered that Plaintiff may not
14 serve any other written discovery and denied her request to compel production of documents
15 because the Court found Defendants had not failed to produce documents. (*Id.* at 6.)

16 The Court, for lack of good cause and due diligence shown, denies Plaintiff's request
17 to extend discovery and compel documents. Plaintiff states in her current motion that she
18 previously noticed the Court that she could not take depositions on the east coast before
19 October, 2011. (Doc. No. 116 at 2 n.2 & 6.) The Court is unable to locate where Plaintiff
20 previously noted this and finds this statement contradicts Plaintiff's earlier motion for
21 extension of discovery that sought an extension to August 31, 2011 to complete the
22 depositions. (Doc. No. 103 at 16-17.) Plaintiff has not submitted any evidence that she
23 diligently attempted to schedule and complete any of the depositions before the September 1
24 deadline. Defendants submit that Plaintiff did not contact defense counsel in any capacity until
25 August 29, 2011, and had still not settled on a location or time for any depositions. (Doc. No.
26 117 at 4; Doc. No. 117-1, Plevin Decl. ¶¶4-5.) This shows a lack of diligence on Plaintiff's
27
28

1 | part.¹

2 |     Plaintiff also submits that her physicians confirm her inability to complete the depositions by September 1. (Doc. No. 116 at 6.) Plaintiff has attached two physician notes to her motion, neither of which is signed under penalty of perjury. (Doc. No. 116, Exs. 1 & 2.) The first note, from Dr. Charlotte Cunningham-Rundles, is dated August 30, 2011 and discusses Plaintiff's May and July hospital visits and Plaintiff's July trip to San Diego. (*Id.*, Ex. 1.) The note states that Plaintiff was admitted to Saddleback Hospital on July 10 and was unable to fly back to New Jersey for two weeks. (*Id.*, Ex. 1.) The note requests the Court give Plaintiff a month's time to retain a new attorney and states that "[s]he cannot withstand the schedule imposed on her and has been ill most of August." (*Id.*, Ex. 1.) Despite the note containing specific details about past infirmities of Plaintiff, the note fails to specify how Plaintiff has been ill most of August or if the physician has personally seen or examined Plaintiff recently. (*Id.*, Ex. 1.) Furthermore, the noted hospitalization in July and two week delay in returning to New Jersey was prior to this Court's order extending discovery. The Court also notes that during this period of time Plaintiff was filing papers with the Court. (See Doc. Nos. 104, 107, 112.)

    The second doctor's note, from Dr. Barbara Swartz, is dated August 29, 2011 and also discusses Plaintiff's July hospital visit in California. (*Id.*, Ex. 2.) This note states that Dr. Swartz was called on the telephone by Plaintiff and then oddly states that despite an emergency room doctor wanting to evaluate Plaintiff to rule out a heart attack, Dr. Swartz asked the hospital doctor if Plaintiff could be released from the hospital on her own "cognizance" because she knew Plaintiff was under a huge deadline. (*Id.*, Ex. 2.) The note indicates that Plaintiff stayed at the hospital several days and then needed over a week to fully recover. (*Id.*, Ex. 2.) Dr. Swartz does not state that she examined Plaintiff or that Plaintiff has been ill since

---

¹The Court also notes Plaintiff argues that any extension "will not delay the new trial schedule since discovery of defendants has not even begun, there can be no possible prejudice to defendants." (Doc. No. 116 at 4.) The Court is confused by and disagrees with this statement. Defendants have completed discovery and a delay may prejudice Defendants as the parties' motion filing deadline is October 3, 2011. (Doc. No. 69 ¶7.)

her July hospital visit in California. (*Id.*, Ex. 2.) The Court finds the information in this note irrelevant to Plaintiff's current request, as it is unclear how this recovery period in mid-July affected her ability to pursue discovery that was ordered subsequent to her recovery. Furthermore, Plaintiff never contacted defense counsel during the month extension of discovery to disclose her alleged medical troubles nor attempted to enter into a stipulation with defense counsel to submit to the Court a request to extend the time based upon her alleged infirmity. (Doc. No. 117-1, Plevin Decl. ¶4.) The Court does not find Plaintiff's medical issues in July that preceded, and according to her doctors' notes resolved in mid to late July, good cause to further extend fact discovery in this case.

To the extent Plaintiff's motion is one for reconsideration of the Court's previous denial of her motion to compel documents, the Court denies it. (*See* Doc. No. 116 at 4.) "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." 389 Orange Street Partners v. Arnold, 179 F.3d 656, 665 (9th Cir.1999). Whether to grant or deny a motion for reconsideration is in the sound discretion of the court. Navajo Nation v. Confederated Tribes and Bands of the Yakama Indian Nation, 331 F.3d 1041, 1046 (9th Cir. 2003) (citation omitted). As the 30(b)(6) deposition notice required documents to be produced at the deposition and the deposition was taken off calendar, the Court previously found that Defendants did not fail to produce documents. (Doc. No. 114 at 6.) Plaintiff has not presented the Court with newly discovery evidence, demonstrated how the Court committed clear error, or presented the Court with an intervening change in controlling law. Accordingly, the Court denies Plaintiff's request for reconsideration.

**II. Plaintiff's request for a six weeks to obtain new counsel**

Plaintiff requests six weeks to retain new local California counsel, Scott Russo, for this lawsuit. (Doc. No. 116 at 4.) The Court notes that there is no deadline set by which Plaintiff must retain new counsel nor a deadline by which to file any requested substitution. It is unclear from Plaintiff's motion why she is requesting six weeks–if the request is to continue

1 some undefined deadlines by six weeks until she has new counsel or simply to give Plaintiff
2 six weeks to obtain new counsel.  To the extent Plaintiff's request is one to continue deadlines
3 by six weeks in order to obtain new counsel, the Court denies the request.  Plaintiff has not
4 specified what outstanding deadlines she seeks to continue, nor specified the good cause for
5 continuing any such deadlines.  If Plaintiff retains new counsel, she may file a notice of
6 appearance or request for substitution of attorney pursuant to Civ.L.R. 83.3(g).

7 **III.  Plaintiff's request for disqualification of Magistrate Judge Skomal**

8 In her current motion, Plaintiff requests reconsideration of the Court's previous denial
9 of her motion to disqualify the undersigned, Magistrate Judge Skomal. (Doc. No. 116 at 4-8.)
10 The Court previously denied Plaintiff's motion for disqualification, finding that Plaintiff had
11 not cited any bias, prejudice, or deep-seated favoritism by Judge Skomal so extreme as to
12 display a clear inability to render fair judgment. (Doc. No. 109 at 8.)  The Court found that
13 there was no legitimate reason for the disqualification of Judge Skomal and denied Plaintiff's
14 ex parte motion for disqualification.  (*Id.*)  In addition to reiterating many of her complaints
15 stated in her previous motion for disqualification, Plaintiff argues that Judge Skomal's denial
16 of her request for documents and order requiring depositions to be taken by September 1 when
17 knowing Plaintiff was ill and could not take depositions until October requires his
18 disqualification. (Doc. No. 116 at 6.)

19 As discussed above, "[a] motion for reconsideration should not be granted, absent
20 highly unusual circumstances, unless the district court is presented with newly discovered
21 evidence, committed clear error, or if there is an intervening change in the controlling law."
22 389 Orange Street Partners, 179 F.3d at 665.  Whether to grant or deny a motion for
23 reconsideration is in the sound discretion of the court.  Navajo Nation, 331 F.3d at 1046
24 (citation omitted).  From reviewing Plaintiff's current submission, the only potential "newly
25 discovery evidence" is the Court's July 29, 2011 order granting Plaintiff an extension of time
26 to complete the outstanding fact discovery her former counsel could not complete.

27 As noted above, the Court actually granted Plaintiff more time than she requested to
28 complete the depositions and document discovery and has not been able to locate where

1  Plaintiff put the Court on notice that she could not complete depositions until October. The
2  Court also explained in its order why it denied Plaintiff's motion to compel documents, but
3  allowed Plaintiff to reserve the document request with the notice for the uncompleted 30(b)(6)
4  deposition. The Court finds that the unfavorable conduct alleged by Plaintiff would not cause
5  a reasonable person with knowledge of all the facts to conclude that the judge's impartiality
6  might reasonably be questioned. *SeeUnited States v. Holland*, 519 F.3d 909, 913 (9th Cir.
7  2008). Accordingly, the Court does not find this "new evidence" is a legitimate reason to
8  disqualify Magistrate Judge Skomal and grant Plaintiff's motion for reconsideration. Plaintiff
9  has also not demonstrated how the Court committed clear error by denying her request to
10 disqualify Judge Skomal nor offered an intervening change in law. Therefore, the Court denies
11 Plaintiff's motion for reconsideration of the denial of her motion to disqualify Magistrate
12 Judge Skomal.

## Conclusion

14 For the reasons set forth above, the Court denies Plaintiff's ex parte motion for
15 extension of time to complete discovery, for an order compelling documents, for six weeks to
16 retain new counsel, and for reconsideration of the Court's denial of Plaintiff's motion to
17 disqualify Magistrate Judge Skomal.

18 **IT IS SO ORDERED**.

19 DATED: September 30, 2011

**BERNARD G. SKOMAL**
United States Magistrate Judge