1
2
3
4
5
6
7
8
9          UNITED STATES DISTRICT COURT

10         SOUTHERN DISTRICT OF CALIFORNIA

11
AMY R. GURVEY,                          )   Case No.: 3:09-cv-00942 AJB (BGS)
12                                       )
                      Plaintiff,         )   Order Denying Plaintiff's Ex Parte
13   v.                                  )   Application for Reconsideration
                                         )
14   LEGEND FILMS, INC. *formerly known as* )   [Doc. No. 139]
     LEGEND FILMS, LLC, JEFFREY B. YAPP, )
15   BARRY B. SANDREW, LEGEND3D, INC.,   )
     and LEGEND FILMS, LLC,              )
16                                       )
                      Defendants.        )
17   _____ )

18         The Plaintiff, Amy Gurvey, an attorney representing herself in the instant action, filed an ex

19   parte declaration and motion, [Doc. No. 139], to vacate Magistrate Judge Skomal's October 3, 2011

20   Order, [Doc. No. 120] denying reconsideration of disqualification and discovery.  The Defendants

21   subsequently filed an opposition to the Plaintiff's motion. [Doc. No. 142.] The Court has reviewed the

22   Plaintiff's motion and finds that is in fact an objection to Judge Skomal's Order under Rule 72(a) of the

23   Federal Rules of Civil Procedure.  Based upon the record, the parties' moving papers and for the reasons

24   set forth below, the Plaintiff's objection is OVERRULED.

25                            ***Relevant Background***

26         On July 11, 2011,[1] the Plaintiff filed an ex parte application, [Doc. No. 103], seeking: (1) to

27   extend discovery, (2) mandate production of documents from Defendants; (3) an order granting Plaintiff

28   _____
            [1] The ex parte request was filed nunc pro tunc to June 29, 2011.

                                    1                        3:09-cv-00942 AJB (BGS)

the right to appear telephonically; and (4) an order granting Plaintiff expedited electronic filing privileges for this lawsuit. The Plaintiff also opposed Defendants' request to extend the deadline for expert designations. On July 8, 2011, Defendants filed an opposition to Plaintiff's ex parte motion. [Doc. No. 101.]

On July 13, 2011,[2] the Plaintiff filed a motion, [Doc. No. 107], to disqualify Magistrate Judge Skomal for his failure to properly notify her of the cancellation of the Mandatory Settlement Conference ("MSC") that was set for July 7, 2011, which caused her to unnecessarily travel from New Jersey to San Diego.  The MSC was vacated on June 27, 2011, [Doc. No. 97], in response to a declaration from the Plaintiff on June 23, 2011, [Doc. No. 96], requesting that the Court extend discovery, compel production of certain documents by Defendants and allow Plaintiff to appear telephonically for all future appearances.[3]  On July 15, 2011, Magistrate Judge Skomal issued an Order, [Doc. No. 109], denying Plaintiff's Ex Parte Motion, [Doc. No. 107], for Expedited Hearing and to Disqualify Magistrate Judge.

On July 19, 2011,[4] Plaintiff filed another ex parte motion to extend discovery deadlines to September 1, 2011, opposing Defendants' ex parte motion to extend expert deadlines, and requesting expedited rehearing on discovery during the week of July 11. [Doc. No. 112.] The Defendants filed a response in opposition to Plaintiff's second ex parte motion on July 19, 2011. [Doc. No. 113.] On July 29, 2011, Magistrate Judge Skomal issued an Order: (1) granting Defendants' Ex Parte Motion to Extend Expert Designation, [Doc. No. 99]; (2) granting-in-part and denying-in-part Plaintiff's Ex Parte Motion to Extend Discovery, [Doc. No. 103]; and (3) denying as moot Plaintiff's Ex Parte Motion to Extend Discovery Deadlines, [Doc. No. 112], and extending the discovery deadline to September 1, 2011. [Doc. No. 114.]

---

[2] Plaintiff's ex parte application was filed nunc pro tunc to July 7, 2011.

[3] The Court notes that Plaintiff brought the instant action in the United States District Court for the Southern District of New York on October 29, 2008. On December 8, 2008, Defendants moved to dismiss the complaint for lack of personal jurisdiction or, in the alternative, to transfer the case. Before the New York court could rule on the motion, however, the parties stipulated to the transfer of the action to the United States District Court for the Southern District of California. The case was transferred to this Court on May 1, 2009. [Doc. No. 1.]

[4] Plaintiff's ex parte application was filed nunc pro tunc to July 13, 2011.

On September 8, 2011,[5] the Plaintiff filed another ex parte application, [Doc. No. 116], in which she requested: 1) the Court extend fact discovery until October 15, 2011; and 2) reconsideration of Judge Skomal's decision not to recuse himself.  In her moving papers, Plaintiff contends that she informed the Court at the MSC that she could not complete fact discovery until October 2011. The Court rejected the Plaintiff's contention and denied the Plaintiff's request for another extension of time to complete discovery on October 3, 2011, Doc. No. 120, because the Plaintiff's prior requests only sought an extension of fact discovery to August 31, 2011 and the Court granted Plaintiff until September 1, 2011.  The Court also denied Plaintiff's request for reconsideration because the Plaintiff has not presented the Court with newly discovery evidence, demonstrated how the Court committed clear error, or presented the Court with an intervening change in controlling law.  See Doc. No. 120, at 4.

On October 7, 2011, the Plaintiff filed a notice of appeal, Doc. No. 121, of Magistrate Judge Skomal's Order of October 3, 2011, which was dismissed by the Ninth Circuit for lack of jurisdiction on December 12, 2011, Doc. No. 145.  On October 27, 2011,[6] the Plaintiff also concurrently filed the current objection, Doc. No. 139.  Defendants filed an opposition to the objection, Doc. No. 142.

### *Discussion*

Currently before the Court is the Plaintiff's objection to Magistrate Judge Skomal's October 3, 2011 Order, Doc. No. 120, denying Plaintiff's initial requests and subsequent ex parte requests for reconsideration of discovery extensions and his disqualification.  Under Rule 72(a) of the Federal Rules of Civil Procedure, the district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.  The Plaintiff argues that Magistrate Judge Skomal's October 3, 2011 Order denying reconsideration/re-argument of the Plaintiff's motion to disqualify Judge Skomal pursuant to 28 U.S.C. section 455 for ADA violations, bias and abuse, to extend discovery and for an extension of time to retain new counsel should be vacated.  The Plaintiff argues the October 3, 2011 Order should be vacated because: (1) the June 13, 2011 MSC should have

---

[5] Plaintiff's ex parte application was filed nunc pro tunc to September 1, 2011.

[6] Plaintiff's ex parte application was filed nunc pro tunc to October 7, 2011.

1   been conducted on the record;[7] and (2) Magistrate Judge Skomal should not have ruled on the motion

2   for disqualification under 28 U.S.C. § 455.

3        Plaintiff alleges that she informed Magistrate Judge Skomal at a MSC that she could not

4   complete discovery until October 2011. The Plaintiff argues that because the MSC was not held on the

5   record, the Court should reverse the October 3, 2011 Order and disqualify Magistrate Judge Skomal.

6   [Doc. No. 139, p. 10.] The Plaintiff's contention that the absence of a record or transcript for the MSC is

7   somehow sufficient to support her objection to Magistrate Judge Skomal's October 3, 2011 Order is

8   without merit.  As the Defendants aptly point out in their opposition, the Court is not obligated to record

9   the proceedings of an MSC, especially when a settlement is not reached.[8]

10       The Plaintiff's argument with regard to her motion for disqualification under 28 U.S.C. § 455 is

11  equally unpersuasive as this section clearly requires a Magistrate Judge to rule on a motion seeking his

12  disqualification.[9]  Judge Skomal properly decided this motion because a motion for disqualification

13  under 28 U.S.C. §455 "is addressed to, and must be decided by, the very judge whose impartiality is

14  being questioned." *In re Bernard*, 31 F.3d 842, 843 (9th Cir.1994).  Furthermore, in considering

15  disqualification motions, "judges are not to recuse themselves lightly[,]" and should participate in cases

16

17

18       [7] The Court notes Plaintiff's failure to appear in person for the MSC on June 13, 2011 and the
19  fact that the Court telephoned the Plaintiff with Defendants' counsel present to inquire as to her
    whereabouts.

20       [8] *Lynch, Inc. v. Samatamason Inc.*, 279 F.3d 487, 491 (7th Cir. 2002); ("No one supposes that
21  there is any impropriety in a judge's conducting settlement discussions off the record."); *Woodson v.
    Surgitek, Inc.*, 57 F.3d 1406, 1411, fn. 6 (5th Cir. 1995) ("The settlement negotiations…were conducted
    off the record"); *see Monaghan v. SZS 33 Associates, L.P.*, 73 F.3d 1276, 1280 (2d Cir. 1996)
22  ("unrecorded settlement meeting before the court"); *Pettway v. American Cast Iron Pipe Co.*, 576 F.2d
    1157, 1183 (5th Cir. 1978) (settlement discussions off the record); *see generally Dvorkin v. New York
23  Presbyterian-Hosp.*, 2011 WL 280801 at *1 (S.D.N.Y. January 19, 2011) (Court did not request court
    reporter for MSC proceedings, in which plaintiff attended by telephone without authorization, until
24  settlement reached).

25       [9] "Section 455 imposes an affirmative duty upon judges to recuse themselves." *Yagman v.
    Republic Ins.*, 987 F.2d 622, 626 (9th Cir.1983). It provides in relevant part:
26            (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any
         proceeding in which his impartiality might reasonably be questioned.
27       (b) He shall also disqualify himself in the following circumstances:
                (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge
28            of disputed evidentiary facts concerning the proceeding[.]
    28 U.S.C. § 455(a) and (b).

1  assigned if there is no legitimate reason for disqualification.[10]  This Court's review of the record reveals

2  no evidence that would call into question Magistrate Judge's Skomal impartiality.[11]

3       With regard to Plaintiff's September 1, 2011 request to again extend discovery, the Court notes:

4  (1) that none of the Plaintiff's written requests prior to September 1, 2011 sought an extension beyond

5  August 31, 2011, and (2) that the Court granted Plaintiff an extension until September 1, 2011. The

6  Court has inherent authority and discretion to manage its dockets. In the absence of evidence or efforts

7  on behalf of the Plaintiff to complete discovery or good cause for her failure to comply with the

8  September 1, 2011 deadline, the Court finds Magistrate Judge Skomal's denial of the Plaintiff's request

9  to again extend discovery, without any explanation or a showing of good cause by the Plaintiff, was not

10  clearly erroneous or contrary to law.

11       As for the Plaintiff's request for an extension of time to retain new counsel, the Court notes that:

12  (1) the Plaintiff is an experienced attorney; and (2) the Plaintiff has twice in the course of this case either

13  discharged or refused to communicate with prior counsel, thereby causing counsel to file motions to

14  withdraw, Doc. Nos. 43 and 82.  In light of the Plaintiff's request to substitute herself as counsel in this

15  case in June of 2011, Doc. No. 93, and the Plaintiff's failure to demonstrate any efforts in the preceding

16  months to retain counsel, the Court finds Magistrate Judge Skomal's denial of the Plaintiff's request for

17  an extension of time to retain new counsel was within Judge Skomal's discretion and was not clearly

18  erroneous or contrary to law.

19  //

20  //

21  //

22  //

23  //

24  //

25  //

26

27       [10] *United States v. Snyder*, 235 F.3d 42, 45 (1st Cir. 2000)); Holland, 519 F.3d at 912.

28       [11] (*See* Docket No. 109, p. 5-6; *In Re Bernard*, 31 F.3d 842, 843 (9th Cir. 1994); *United States v. Balistrieri*, 779 F.2d 1191, 1202-03 (7th Cir. 1985).)

5

1

### *Conclusion*

2        For the reasons set forth above, this Court finds that the Plaintiff has failed to demonstrate that

3  Magistrate Judge Skomal's October 3, 2011 Order was clearly erroneous or contrary to law, and as such,

4  the Plaintiff's objection, Doc. No. 139, is hereby OVERRULED.

5        IT IS SO ORDERED.

6  DATED:  January 27, 2012

7

                          Hon. Anthony J. Battaglia

8                          U.S. District Judge

3:09-cv-00942 AJB (BGS)