UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMY R. GURVEY,<br><br>　　　　Plaintiff,<br><br>v.<br><br>LEGEND FILMS, INC. *formerly known as* LEGEND FILMS, LLC, JEFFREY B. YAPP, BARRY B. SANDREW, LEGEND3D, INC., and LEGEND FILMS, LLC,<br><br>　　　　Defendants. | Case No.: 3:09-cv-00942 AJB (BGS)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO VACATE<br><br>[Doc. No. 180] |

On December 12, 2012, Plaintiff Amy Gurvey filed a motion, (Doc. No. 180), seeking an order reconsidering and vacating two of the Court's previous orders, specifically the order granting Defendants summary judgment and denying Plaintiff leave to file a second amended complaint ("SAC") on September 14, 2012, (Doc. No. 164), and the order denying Plaintiff's motion to vacate on November 20, 2012, (Doc. No. 175). This is Plaintiff's second motion seeking reconsideration of the September 14, 2012 order. (Doc. No. 167). The Court denied Plaintiff's previous motion because, among other things, it relied upon allegedly new evidence that related solely to claims that were disallowed when the Court denied Plaintiff leave to file her SAC. (Doc. No. 175.) For similar reasons that are set forth below, Plaintiff's motion is DENIED.

*Discussion*

Plaintiff filed a motion seeking an order vacating the Court's orders entered September 14, 2012 and November 20, 2012 pursuant to Rule 60(b).[1]

*I. Legal Standard*

Rule 60(b) is specifically limited to instances where the movant demonstrates in pertinent part the existence of: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason for justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b).

Courts often treat the legal standard for Rule 59(e) as interchangeable with that of Rule 60(b) despite the fact that Rule 60(b) explicitly lists the factors above, whereas Rule 59(e) contains no such list of factors. *See e.g., Manago v. Gonzalez*, 1:11-cv-01269-GBC PC, 2012 WL 439404 (E.D. Cal. Feb. 9, 2012) (citing to cases that pertained to Rule 59(e) motions even though a Rule 60(b) motion was at issue). Regardless of which rule is relied upon, a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999).

*II. Plaintiff's Request for Reconsideration or to Vacate this Court's September 14, 2012 and November 20, 2012 Orders*

Plaintiff seeks relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure. Plaintiff specifies that she seeks reconsideration under subsections (2), (3), (5), and (6); however, her motion depends upon allegations of newly discovered evidence that should be considered pursuant to subsection (2) of Rule 60. As in her previous motion for reconsideration, Plaintiff once again contends that the discovery process in the allegedly-related lawsuit pending in the Southern District of New York has produced new evidence warranting reconsideration of the Court's previous orders.

---

[1] All references to "Rule" refer to the Federal Rules of Civil Procedure.

Plaintiff asserts a series of arguments regarding her New York lawsuit with her former employer, the Cowan law firm, in support of her motion for reconsideration and/or vacate the Court's orders entered on September 14, 2012 and November 20, 2012. (Doc. No. 180, p. 4-12.) Plaintiff's arguments, however, are outside the scope of the claims before this Court and relate only to allegations from the proposed SAC, specifically fraud, civil conspiracy and explicit fraud that induced breach of fiduciary duty. *Id.* As set forth in the Court order denying Plaintiff leave to file a SAC and in the Court's order previous order denying reconsideration, the new evidence relied upon by Plaintiff is not relevant to the operative first amended complaint. While Plaintiff contends that there is newly uncovered evidence relating to the claims within the SAC, she has not demonstrated good cause for reconsidering the Court's initial decision to deny the filing of the SAC based upon her delay in requesting amendment. Plaintiff has not demonstrated that she could not have discovered the evidence earlier or offered an explanation for her lengthy delay in requesting amendment of her claims.

In sum, Plaintiff has not offered newly discovered evidence pertinent to the operative first amended complaint, or provided any grounds demonstrating that the Court committed clear error or that there was an intervening change in the controlling law to support her request for reconsideration or to vacate the Court's previous orders. As such, Plaintiff's motion is DENIED.

Furthermore, Plaintiff is warned that additional motions for reconsideration of the Court's September 14, 2012 order based upon evidence relating solely to the disallowed claims in the SAC will result in the imposition of sanctions pursuant to Rule 11.

### *Conclusion*

For the reasons set forth above, it is hereby ORDERED that Plaintiff's motion for reconsideration be, and it hereby is, DENIED.

IT IS SO ORDERED.

DATED: January 22, 2013

_____
Hon. Anthony J. Battaglia
U.S. District Judge