UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| AMY R. GURVEY, | ) | Case No.: 3:09-cv-00942 AJB (BGS) |
| Plaintiff, | ) ) | ORDER (1) GRANTING PLAINTIFF'S REQUEST FOR AN |
| v. | ) ) | EXTENSION OF TIME TO OPPOSE DEFENDANTS' RULE 11 |
| | ) ) | MOTION; (2) DENYING PLAINTIFF'S REQUEST TO FILE |
| LEGEND FILMS, INC. *formerly known as* LEGEND FILMS, LLC, | ) ) | CROSS-MOTION UNDER RULES 11 AND 37; AND (3) DENYING |
| JEFFREY B. YAPP, BARRY B. SANDREW, LEGEND3D, INC., and | ) ) | PLAINTIFF'S MOTION TO RECONSTRUCT THE RECORD |
| LEGEND FILMS, LLC, | ) ) | |
| Defendants. | ) ) | [Doc. Nos. 191 and 192] |
| | ) | |

Before the Court are two pending motions filed by Plaintiff Amy Gurvey.  On February 19, 2013, Plaintiff filed an Ex Parte Application for a 30 Day Extension of Time to Oppose Defendants' Motion for Rule 11 Sanctions and to File a Cross-Motion Pursuant to Rules 11 and 37.  (Doc. No. 191.)  On February 23, 2013, Plaintiff filed an Application to Reconstruct the Record pursuant to Federal Rule of Appellate Procedure 10(c).  (Doc. No. 192.)  As of the date of this Order, Defendants have not opposed either of the instant motions.  Under the circumstances, the Court finds it unnecessary to order or await Defendant's responses.  The Court will address each of these three requests in turn.

*I.      Plaintiff's Request for an Extension of Time*

On January 22, 2013, Defendants filed a Motion for Sanctions against Plaintiff pursuant to Rule 11 of the Federal Rules of Civil Procedure.  (Doc. No. 189.)  Thereafter, the Court set a briefing schedule and hearing date for Defendant's motion.  (Doc. No. 190.)  The Court instructed the parties to file opposition briefs by February 19, 2013 and reply briefs by March 12, 2013.  (*Id.*)  The Court set the hearing for April 18, 2013 at 2:00 p.m.  (*Id.*)  On February 19, 2013, Plaintiff filed the instant request for a thirty day extension of time in which to file her opposition.  (Doc. No. 191.)

Considered in light of the current schedule, Plaintiff's requested extension does not require a continuance of the April 18, 2013 hearing date or cause unnecessary delay in the resolution of Defendants' motion.  Therefore, the Court grants Plaintiff's request for a thirty day extension of time in which to oppose Defendants' motion.  Accordingly, Plaintiff's opposition brief must be filed by March 21, 2013, and Defendants' reply brief must be filed by April 5, 2013.  The hearing date will remain as set previously.

The Court notes, however, that any arguments pertaining to the merits of Defendants' Rule 11 motion made by Plaintiff in her motion for an extension of time will not be considered by the Court when ruling upon Defendants' motion.  All of Plaintiff's substantive arguments in this regard must be set forth fully within her opposition brief.

*II.     Plaintiff's Request to File a Cross-Motion Under Rule 11 and 37*

As an initial matter, the Court notes that Plaintiff does not require permission from the Court to file motions in this action.  Should Plaintiff wish to file a motion, she may do so in accordance with the Federal Rules of Civil Procedure, the Southern District's Civil Local Rules, and this Court's Chamber Rules.

While it is unclear what discovery related issues Plaintiff wants to raise under Rule 37, those should be raised before Magistrate Judge Skomal who has supervised discovery in this case.  Motions relating to discovery violations, like discovery matters in general, are referred to a magistrate judge for handling in this district.  The issue of discovery sanctions, other than claim or affirmative defense preclusion and the striking of

1   evidence and/or witnesses, is within the purview of the magistrate judge, and must be

2   filed in accordance with the magistrate judge's chambers rules as well as the scheduling

3   orders in the case.

4        Finally, to the extent that Plaintiff requests leave to file a Cross-Motion under Rule

5   11 in order to avoid the procedural requirements of Rule 11's safe harbor provision,

6   Plaintiff's request is denied.  Plaintiff must proceed appropriately under Rule 11 in this

7   regard.

8   **III.    *Plaintiff's Motion to Reconstruct the Record***

9        Under Rule 10(c) of the Federal Rules of Appellate Procedure, it is possible to

10  reconstruct the record for purposes of appeal when a transcript of a hearing or trial is

11  unavailable and the proceeding was not recorded.  In this instance, the "appellant may

12  prepare a statement of the evidence or proceedings from the best available means,

13  including the appellant's recollection." Fed. R. App. P. 10(c).  The appellant must serve

14  the statement on the appellee, "who may serve objections or proposed amendments

15  within 14 days" after being served with the statement.  *Id.*  "The statement and any

16  objections or proposed amendments must then be submitted to the district court for

17  settlement and approval." *Id.*  "As settled and approved, the statement must be included

18  by the district clerk in the record on appeal." *Id.*

19       Here, Plaintiff seeks to reconstruct the record with regard to a "missing essential

20  recording" of the June 13, 2011 proceeding before Magistrate Judge Skomal.  (Doc. No.

21  192 at 1.)  The Court finds Plaintiff's motion deficient for two reasons.  First, Plaintiff

22  has not complied with the procedure set forth within Rule 10(c) for reconstructing the

23  record.  Plaintiff has not prepared a statement of the proceedings and served it upon

24  Defendants in order for them to provide objections and proposed amendments.  Without

25  this statement, the Court has nothing to consider adding into the record.  The role of the

26  Court is to review the provided statement along with any objections and proposed

27  amendments.  Only then can the Court settle and approve the final statement to be

28  included by the district clerk in the record on appeal.  Here, Plaintiff has not provided her

1  statement reflecting the proceedings or provided any indication that she has served such a

2  statement upon Defendants.  As such, Plaintiff has not complied with the proper

3  procedure for reconstructing the record provided by Rule 10(c) and, thus, the Court

4  cannot reconstruct the record under the current circumstances.

5        Second, Plaintiff seeks reconstruction of a proceeding that is not typically held on

6  the record.  Plaintiff states that the "subject of the June 13[,] 2011 hearing was to

7  determine if there was sufficient justification not to sanction Plaintiff who contended she

8  could not fly and physically appear in Magistrate's Courtroom for a personal hearing."

9  (*Id.* at 3.)  However, the Court's docket does not reflect her description of the proceeding.

10  Per several docket entries, the June 13, 2011 proceeding was, in fact, a mandatory

11  settlement conference rather than a hearing regarding sanctions based upon Plaintiff's

12  failure to appear.  (Doc. No. 69 (case management order setting mandatory settlement

13  conference on June 13, 2011); Doc. No. 88 (minute entry stating "Mandatory Settlement

14  Conference held on June 13, 2011"); and Doc. No. 87 (order to show cause why sanctions

15  should not be imposed for Plaintiff's failure to appear at the mandatory scheduling

16  conference held on June 13, 2011).)[1]  Pursuant to Civil Local Rule 16.3, settlement

17  conferences, mandatory or otherwise, are "off the record, privileged and confidential,

18  unless otherwise ordered by the court."  Generally, settlement communications between

19  the parties are privileged under Rule 408 of the Federal Rules of Evidence.  As such, the

20  parties' discussions at mandatory settlement conference are not routinely recorded or

21  transcribed as they are held "off the record."  For this reason, the mandatory settlement

22  conference would not typically be part of the record on appeal, and Plaintiff has not

23  provided any evidence why the Court should find otherwise.

24

25

---

26      [1] Further, the Court notes that despite Plaintiff's contention that Magistrate Judge

27  Skomal assured her the June 13, 2011 proceeding was being recorded, it appears that
Plaintiff did not actually attend the proceeding.  In fact, her failure to appear ultimately

28  led to the subsequent order to show cause and the possibility of sanctions being imposed
against her.  This is one of many seeming inaccuracies within Plaintiff's Motion to
Reconstruct the Record.

3:09-cv-00942 AJB (BGS)

1    To the extent that matters of settlement were adjudicated during the settlement

2  conference, plaintiff has failed to give any meaningful information for the Court to

3  consider.

4    Under these circumstances, the Court cannot reconstruct the record of the June 13,

5  2011 proceeding as Plaintiff has not complied with the procedural requirements set forth

6  in Rule 10(c) or established that the June 13, 2011 proceeding should properly be

7  included in the record for appeal.  Accordingly, Plaintiff's Motion for Reconstruction of

8  the Record is denied.

9  ***IV.    Conclusion***

10    For the reasons set forth above, the Court ORDERS as follows:

11    1.    Plaintiff's request for an extension of time to oppose Defendant's Rule 11

12        motion is GRANTED, (Doc. No. 191);

13    2.    Accordingly, Plaintiff must file her opposition brief on or before March 21,

14        2013, Defendants' must file their reply brief on or before April 5, 2013, and

15        the hearing will be held on April 18, 2013 as previously set;

16    3.    Plaintiff's request to file Cross-Motions under Rules 11 and 37 is DENIED,

17        (Doc. No. 191);

18    4.    Should Plaintiff wish to file motions under Rules 11 and 37 in the future, she

19        may do so in accordance with the Federal Rules of Civil Procedure, the Civil

20        Local Rules, and the appropriate chambers rules;

21    5.    Plaintiff's Motion to Reconstruct the Record is DENIED, (Doc. No. 192).

22  IT IS SO ORDERED.

23

24  DATED:  February 27, 2013

25    _____
       Hon. Anthony J. Battaglia
26       U.S. District Judge

27

28