UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMY R. GURVEY,<br><br>    Plaintiff,<br><br>v.<br><br>LEGEND FILMS, INC. *formerly known as* LEGEND FILMS, LLC, JEFFREY B. YAPP, BARRY B. SANDREW, LEGEND3D, INC., and LEGEND FILMS, LLC,<br><br>    Defendants. | Case No.: 3:09-cv-00942 AJB (BGS)<br><br>ORDER DENYING MOTION TO VACATE SANCTIONS AND REQUEST FOR REPLEVIN<br><br>[Doc. No. 198] |

In an Order dated April 8, 2013, the Court sanctioned Plaintiff pursuant to Rule 11, 28 U.S.C. § 1927 and under the inherent power of the Court. *See* Doc. No. 195. In its analysis, the Court found that Plaintiff's repeated, unsupported requests for reconsideration were sanctionable behavior and awarded reasonable fees in the amount of $5,789.50 to Defendants.

The Plaintiff's instant motion, (Doc. No. 198), requests that this Court vacate "the sanction issued pursuant to Rule 11" on the grounds that: 1) the Court did not consider Plaintiffs two requests for an extension of time; and 2) the Court should issue a writ of replevin for immediate return of Plaintiff s files from her previous attorneys Squitieri &

Fearon because the "Magistrate improperly failed to compel their return when he granted the attorneys unilateral withdrawal in 2011." *See* Doc. No. 198, p. 5.

With regard to the Plaintiff's first ground, the Plaintiff states that she "mailed two previous letters to this Court in November 2012 and March 2013 seeking extensions of time to respond to defendants' motion that were improperly not considered." *See* Doc. No. 198 at 6. As a preliminary matter, the Defendants' motion for sanctions was not filed until January 22, 2013, so any request for an extension of time made in November would not be in response to Defendants motion. Furthermore, the two letters referenced and attached by the Plaintiff are improper ex parte communications that were never filed in this case, the address on the letters is incorrect and incomplete and the Plaintiff provides no evidence to demonstrate that they were ever sent to Judge Battaglia's chambers.[1] Since the Plaintiff has electronic filing privileges, its unclear why the Plaintiff would have chosen to mail, rather than electronically file such requests. Regardless, neither request appears on the docket in this case. There is a request for extension of time that was electronically filed by the Plaintiff on February 19, 2013, (Doc. No. 191), which was granted by this Court on February 27, 2013, (Doc. No. 193). However, as set forth in the Order of April 8, 2013, despite being granted an extension of time until March 21, 2013, the Plaintiff failed to file any opposition or request additional time in which to do so. *See* Doc. No. 193, p.1.

In the second ground articulated by Plaintiff for vacating the Court's award of sanctions, the Plaintiff requests a writ of replevin for the "immediate return" of her files from Squitieri & Fearon, LLP.[2] Upon review of the docket in this case, the Court notes

---

[1] This is particularly true with regard to the March 18, 2013 letter, which provides no indication of how it was sent. *See* Doc. No. 198, p. 13-18.

[2] While the Plaintiff states that the writ of replevin is directed at her files that she contends are still in the possession of her former attorneys, the Court notes that the Plaintiff seeks by writ of replevin items that appear to have nothing to do with her files and appear to predate this action. Plaintiff states that she seeks:

> photocopies of all emails, e-notices and e-communications from and to opposing parties and their attorneys since 2007; and with any attorneys, individuals and

that Squitieri & Fearon withdrew as counsel for Plaintiff over three years ago.[3] *See* Doc. Nos. 42 and 56.  Although this court has the authority to issue "all writs necessary or appropriate" in aid of its jurisdiction "and agreeable to the usages and principles of law," 28 U.S.C. § 1651, the Plaintiff has not shown that her requested writ is necessary or appropriate in aid of the court's jurisdiction in this action.  Summary judgment was entered for Defendants in this case on September 14, 2012, therefore the Plaintiff may not pursue her replevin claim in this action, but she remains free to file such a claim in state court. In any event, the requested writ of replevin has nothing whatsoever to do with the award of sanctions by this Court and is not a grounds to request that the awarded sanctions be vacated.

Based upon the foregoing, the Plaintiff's motion, (Doc. No. 198), is DENIED.  The Plaintiff 's request for sanctions, attorneys' fees and costs based on "recent document production in March, 2013 in the related SDNY lawsuit establishing Legend defendants' fraud upon two Courts and the USPTO in consort with Plaintiff and Legend defendants' common patent attorneys at the Cowan Liebowitz & Latman, PC law firm" is DENIED.

The Plaintiff is warned that flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants.  *O'Loughlin v. Doe,*

---

    entities with whom defendants communicated concerning Plaintiff cases and communications between S&F and Mark Tamblyn;

    backup tapes, such as digital linear tape and digital data storage tapes on network servers; desktop computers; laptops; personal data organizers, such as Blackberry devices, cellular telephones, and pagers; electronic voicemail systems; home computers; computer diskettes, compact discs, DVDs; optical storage disks; magnetic tapes; computer-supported facsimile machines; Internet service providers (ISPs); Internet cache files and electronic bulletin boards; technical support centers (call centers), including call center voice recordings; and digital cameras and video recorders.

[3] While the Plaintiff contends that the "Magistrate [Judge] improperly failed to compel their return when he granted the attorneys unilateral withdrawal in 2011" the withdrawal was actually granted by District Judge Gonzalez in an order dated July 12, 2010.  *See* Doc. No. 56.  The Order by Judge Gonzalez found good cause existed to grant the motion to withdraw because the Plaintiff assented to the withdrawal and had ample notice. *Id.* at 2.

920 F.2d 614, 618 (9th Cir. 1990); *De Long v. Hennessey,* 912 F.2d 1144, 1148 (9th Cir. 1990). As such, the Plaintiff is warned that any further filing of frivolous and unsupported motions will result in the imposition of sanctions.

    IT IS SO ORDERED.

DATED: May 3, 2013

                                        Hon. Anthony J. Battaglia
                                        U.S. District Judge